UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTH ALEXANDER DEVELOPMENT, I, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1436-JWD-SDJ** |
| **MARKEL AMERICAN INSURANCE COMPANY** | |

## ORDER

Before the Court is a Motion to Compel (R. Doc. 32) filed by Defendant Markel American Insurance Company. In its Motion, Defendant seeks an order compelling non-party Joule, LLC, to fully respond to a Subpoena to Produce Documents, Information, or Objects, issued to Joule on August 9, 2024.[1] No response to this Motion has been filed, and the deadline for doing so has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers Defendant's Motion unopposed.

**I.    Background**

Defendant initially filed its Motion to Compel on June 9, 2025.[2] During a hearing on an unrelated Motion, when asked about the status of discovery, defense counsel explained that Joule had "recently provided a partial production of documents, [and] is currently working on a supplemental production."[3] Based on defense counsel's representations, the Court ordered Defendant to file a supplemental memorandum, on or before August 14, 2025, updating the Court on the status of its Motion to Compel.[4] Defendant complied, filing its Supplemental Memorandum

---

[1] R. Doc. 32-1 at 2; R. Doc. 32-6.
[2] R. Doc. 32.
[3] R. Doc. 42 at 1.
[4] *Id.* at 3.

Regarding Motion to Compel in which it represented that on June 23, 2025, Robert Schmidt of Joule produced responses to Defendant's Subpoena Duces Tecum.[5] Shortly thereafter, on June 30, 2025, Joule supplemented its initial response.[6]

However, during the July 1, 2025 corporate deposition of Joule through Robert Schmidt, it was discovered that Joule needed to provide additional supplementation of its subpoena response.[7] To that end, defense counsel, on July 29, 2025, requested supplementation by Joule of its subpoena response.[8] During a hearing before this Court on July 30, 2025, Plaintiff's counsel indicated that Joule would be supplementing its subpoena response by August 5, 2025.[9] Having received no response by August 5, 2025, counsel followed up with Joule about the status of its supplemental response.[10] In its Supplemental Memorandum, Defendant stated that it was continuing to work with Joule and requested that the Motion to Compel remain pending.[11] Based on Defendant's representations, the Court ordered Defendant to file another supplemental memorandum on or before September 5, 2025, further updating the Court on the status of the Motion to Compel.[12]

On September 5, 2025, Defendant filed its Second Supplemental Memorandum Regarding Motion to Compel, representing that earlier that same day, September 5, 2025, defense counsel received some supplemental materials from Joule in response to its July 29, 2025 request.[13] Following receipt of these materials, defense counsel, later on September 5, 2025, issued correspondence to Joule advising of certain items that remained outstanding.[14] Defense counsel

---

[5] R. Doc. 43 at 1-2.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. 44.
[13] R. Doc. 45 at 2.
[14] *Id.*

stated that they were continuing to work with Joule to receive a complete subpoena response and asked that the Motion to Compel remain pending.[15] In response, the Court ordered Defendant to file another supplemental memorandum on or before September 26, 2025, to again update the Court on the status of the Motion to Compel.[16]

Defendant, on September 26, 2025, filed its Third Supplemental Memorandum Regarding Motion to Compel, in which it requested that its Motion to Compel be granted and that Joule be ordered to complete its subpoena response.[17] Per Defendant, no response to its September 5, 2025 correspondence outlining all outstanding materials was ever received.[18] As such, Defendant requested that Joule be ordered to produce the items listed in the September 5, 2025 correspondence.[19]

On October 30, 2025, the Court held a telephone status conference to discuss the Motion to Compel.[20] During the conference, the Court noted that there is no evidence in the record that Joule had been served with all of the supplemental pleadings filed by Defendant.[21] Defense counsel stated that she had sent courtesy copies but would request service of all pleadings on Joule and file proof of same into the record.[22] On December 22, 2025, Defendant complied, detailing its significant efforts to serve Robert Schmidt and Salvador Bivalacqua, the attorney who appeared on behalf of Joule at the July 1, 2025 corporate deposition.[23] To date, no response from Joule to any filing by Defendant has been received, and the requested discovery, to which Joule has never objected, remains outstanding.

---

[15] *Id.* at 2-3.
[16] R. Doc. 46.
[17] R. Doc. 47 at 1.
[18] *Id.* at 3.
[19] *Id.*
[20] R. Doc. 61.
[21] *Id.*
[22] *Id.*
[23] R. Doc. 69.

## II. Defendant's Discovery Requests

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021). Here, as alleged by Defendant, despite attempts to obtain all documents responsive to the August 9, 2024 Subpoena Duces Tecum issued to Joule, certain items delineated in an email sent on September 5, 2025 remain outstanding. These pertain to documents that Defendants have been unable to access, as well as questions about versions of two project proposals and the results of an expanded terms search.[24] As Joule has made no objection to these requests and has not opposed Defendant's Motion to Compel, the Court will grant Defendant's Motion and order Joule to provide responses to these specific requests **within 14 days of the date of this Order**. Additionally, as requested by Defendant, any objections Joule may have had to Defendant's discovery requests have been waived. *See Aubin v. Columbia Cas. Co.*, No. 16-290, 2017 WL 1682661, at *6 (M.D. La. Apr. 25, 2017) (recognizing and adhering to the "general rule" that "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived").

## III. Award of Expenses

In its Motion to Compel, Defendant also seeks "reasonable attorneys' fees and costs incurred in preparing, filing, and arguing this Motion."[25] As set forth in Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party's reasonable

---

[24] R. Doc. 47-1 at 1.
[25] R. Doc. 32 at 3.

expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action; that the party's nondisclosure, response, or objection was substantially justified; or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, given the lengthy back and forth between Defendant and Joule, a non-party to this action, as well as the limited materials that remain outstanding, the Court finds that an award of costs and fees is not justified at this time.

Accordingly,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 32) filed by Defendant Markel American Insurance Company is **GRANTED**. **Within 14 days** of the date of this Order, Joule, LLC, is ordered to provide complete, detailed responses to the outstanding discovery requests listed in the September 5, 2025 correspondence from defense counsel to Robert Schmidt, found at Record Document 47-1, page 1.

Signed in Baton Rouge, Louisiana, on February 20, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**